UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE COULTER-OWENS,
individually, and on behalf of all others
similarly situated.

       Plaintiff,

v.                                  Case No: 14-12688
                                  Honorable Victoria A. Roberts

RODALE, INC., a Pennsylvania
corporation.

       Defendant,

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. # 14)

**I.**    **INTRODUCTION**

Plaintiff Rose Coulter-Owens ("Coulter-Owens") filed a class action complaint against Defendant Rodale ("Rodale") alleging that it sold the personal reading information of Michigan consumers who subscribed to Rodale publications, in violation of Michigan's Video Rental Privacy Act ("VRPA"). Rodale denies all allegations and moves to dismiss Coulter-Owens' Complaint.

The Court **GRANTS** Rodale's Motion to Dismiss Coulter-Owen's Breach of Contract Claim; but **DENIES** the motion in all other respects.

**II.**    **BACKGROUND**

Rodale is a magazine publishing company with various publications. Coulter-Owens is a Michigan resident who subscribes to Rodale's *Prevention* magazine.

1

Coulter-Owens says Rodale sold personal reading information - information that identifies the subscriber's name, address, demographics, and reading subscriptions. Rodale allegedly sold this information to "data mining" companies - companies that trade, collect, and sell massive databases of consumer information to third parties, such as direct-mail advertisers and organizations. As a result, Coulter-Owens says she receives junk mail and unwanted phone solicitations for money or services. These calls and unwanted mailings have caused Coulter-Owens emotional distress, annoyance, anxiety, and fear that her personal information will fall into the hands of thieves and scam artists.

Coulter-Owens filed a class action complaint on behalf of "[a]ll Michigan residents who had their personal reading information disclosed to third parties by Rodale without consent." (Doc. # 1 at 17). The complaint states three causes of action: (1) violation of M.C.L. § 445.1712, the Video Rental Privacy Act ("VRPA"); (2) breach of contract; and (3) unjust enrichment. In its motion to dismiss, Rodale says Coulter-Owens complaint should be dismissed because Coulter-Owens: (1) lacks Article III standing to assert these claims; (2) lacks statutory standing to assert these claims; (3) fails to identify the contract that entitles her to relief, or any injury that she allegedly suffered as a result of Rodale's breach of contract; and (4) fails to demonstrate a loss or that she did not receive the benefit of her bargain.

## III.   STANDARD OF REVIEW

F.R.C.P. 12(b)(1) allows a defendant to challenge the court's subject-matter jurisdiction. The burden is on the plaintiff to prove the court has jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If at any time

2

during the course of the proceeding the court determines it lacks subject matter jurisdiction it must dismiss the action. *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994).

A defendant can challenge the subject matter jurisdiction of a court by either a facial attack or a factual attack. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). A facial attack - a challenge to the sufficiency of the pleading itself -  goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction. *Id.* The court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id.* On the other hand, a factual attack challenges the factual existence of subject matter jurisdiction. *Id.* Facing a factual attack, a court may view evidence outside of the pleadings as it considers its authority to hear the case. *Id.* at 560.

F.R.C.P. 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. A court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). When "determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

In general, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

3

2:14-cv-12688-RHC-RSW   Doc # 27   Filed 02/11/15   Pg 4 of 9   Pg ID 214

550 U.S. 544, 555 (2007) (citations omitted). However, as a result of *Twombly*, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is plausible if "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Magna Mirrors of Am., Inc. v. 3M Co.*, No. 07-10688, 2013 WL 625721, at *5 (E.D. Mich. Feb. 20, 2013) (*quoting*, *Ashcroft*, 556 U.S. at 678).

## IV.   DISCUSSION

Under the VRPA "a person, or an employee or agent of the person, engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings shall not disclose to any person, other than the customer, a record or information concerning the purchase, lease, rental, or borrowing of those materials by a customer that indicates the identity of the customer." Mich. Comp. Laws § 445.1712. A violation of the act constitutes a misdemeanor. Mich. Comp. Laws § 445.1714. The act provides a civil cause of action for victims and the victim may recover "[a]ctual damages, including damages for emotional distress, or $5,000.00, whichever is greater." Mich. Comp. Laws § 445.1715.  The Eastern District of Michigan noted, "a close reading of the VRPA reveals that it contains absolutely no language to require that a claimant suffer any actual injury apart from a violation of the statute." *Halaburda v. Bauer Pub. Co., LP*, No. 12-CV-12831, 2013 WL 4012827, at *4 (E.D. Mich. Aug. 6, 2013). A person can avoid liability by showing disclosure of the information with the written consent of the customer, pursuant to a court order, in an effort to collect a debt, or by showing that the customer was informed by written notice that she may opt out of having information disseminated. Mich. Comp. Laws §

4

445.1713.

### A.   STANDING

#### a.   Article III

Rodale says Coulter-Owens lacks Article III standing because she did not suffer an injury; Coulter-Owens cites the reduction of value of her personal information, anxiety, and emotional distress as a result of the alleged disclosure. But, even absent these allegations, Coulter-Owens has Article III standing.

Article III standing "requires a plaintiff to show an 'injury in fact,' namely an 'actual or imminent' invasion of a 'concrete and particularized' legally protected interest." *Halaburda,* 2013 WL 4012827 at *3. "The injury required by Article III can exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id.* (*quoting Warth v. Seldin*, 422 U.S. 490, 500 (1975)).

In *Halaburda*, the Eastern District of Michigan examined Article III standing requirements under the VRPA. *Halaburda*, 2013 WL 4012827 at *3. The *Halaburda* defendant argued plaintiffs lacked standing because they did not allege a concrete and particularized injury; instead, plaintiffs alleged only technical violations of Michigan's VRPA. *Id.* The plaintiffs believed a violation of their statutory rights under VRPA was sufficient to confer Article III standing. *Id.*

The court said the question of standing was a matter of first impression for the court, and looked to other statutes for guidance; it examined the Fair Credit Reporting Act and *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir.2009), a case where the Sixth Circuit determined that the Fair Credit Reporting Act included "actual damages" as a form of relief in the alternative to statutory damages, and thus found the

5

statute did not require a showing of actual damages. *Halaburda*, 2013 WL 4012827 at

*5. The *Beaudry* court explained:

> Congress "has the power to create new legal rights, [including] right[s] of
> action whose only injury-in-fact involves the violation of that statutory right[.]"
> [There are] two constitutional limitations on that power... First, [claimant] must
> be "among the injured," in the sense that she alleges the defendants violated
> her statutory rights... Second, although a right created by Congress "need not
> be economic in nature, it still must cause individual, rather than collective,
> harm." The Act's statutory damages claim clears this hurdle as well: It does
> not "authorize suits by members of the public at large[.]" [I]t creates an
> individual right not to have unlawful practices occur ... This nexus between
> the individual plaintiff and the legal violation thus suffices to sustain this
> statutorily created right.

*Halaburda,* 2013 WL 4012827 at *5 (citations omitted) (quoting *Beaudry*, 579 F.3d at

707). Thus, no "Article III (or prudential) standing problem arises." *Halaburda*, 2013 WL

4012827 at *5. The Eastern District of Michigan proceeded to hold that the plaintiffs in

*Halaburda* had Article III standing even if their injury was a violation of the statute: "a

statute was created by a state legislature to protect individual consumers from certain

disclosures of their personal information. The court finds that plaintiffs, as those in the

*Beaudry* case, have satisfied Article III standing requirements." *Id.* at 6.

Under *Halaburda*, Coulter-Owens only needs to allege a violation of VRPA in

order to have Article III standing. She does this; she has Article III standing.

### b.   Statutory

Rodale says Coulter-Owens does not have statutory standing because she does

not allege damages and VRPA only imposes liability *"for damages.*" (Doc. # 14 at 31).

The Eastern District of Michigan rejected this argument and found actual damages

unnecessary to assert a claim under VRPA. *Halaburda*, 2013 WL 4012827 at *5-6; *Cain*

*v. Redbox Automated Retail, LLC*, 981 F. Supp. 2d 674, 683-84 (E.D. Mich. 2013);

*Kinder v. Meredith Corp.*, No. 14-CV-11284, 2014 WL 4209575 *2-3 (E.D. Mich. Aug. 26, 2014). VRPA does not require a showing of damages. Mich. Comp. Laws § 445.1715; *Cain*, 981 F. Supp. 2d at 683-84. "In fact, the VRPA explicitly provides for statutory damages of $5,000 as an alternative to actual damages.*" Cain*, 981 F. Supp. 2d at 683. Similar to the court in *Halaburda*, this Court finds it nonsensical that the state legislature would require a showing of  actual damages when it explicitly allows for statutory damages. *Halaburda*, 2013 WL 4012827 at *6.

Coulter-Owens' allegation that Rodale violated the VRPA is enough to confer statutory standing.

## B.      BREACH OF CONTRACT

Coulter-Owens says Rodale breached a contract by allegedly disclosing her personal reading information in violation of VRPA. Rodale says Coulter-Owens fails to identify a contract.

To recover for breach of contract under Michigan law, a plaintiff must prove: (1) the existence of a contract between the parties, (2) the terms of the contract (3) that a party breached the contract, and (4) that the breach caused the other party injury. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999).

Coulter-Owens cannot meet the first element: the existence of a contract. She does not identify a specific contract that was allegedly breached. Instead, she claims her subscription incorporated "the laws existing at the time and place of creation," including the VRPA. She argues this is sufficient for her breach contract claim. (Doc. # 1 at 27).

As other courts in the Eastern District of Michigan have found, this Court

7

concludes Coulter-Owens cannot piggy-back a breach of contract claim within her VRPA claim without identifying a specific contract. *Halaburda*, 2013 WL 4012827 at *8 ("Without the identification of a contract allegedly breached by defendants, this count in each of the complaints is subject to dismissal for failure to state a claim."). *See also*, *Kinder*, 2014 WL 4209575 at *6. ("[Plaintiff] alleges that her subscription 'incorporated [VRPA]' and that [Defendant] breached the contract arising out of that incorporation. As another district court explained, this argument is 'nonsensical.' [Plaintiff] has already alleged an independent claim for violation of the VRPA.").

The breach of contract claim is dismissed for failure to state a claim.

### C.    UNJUST ENRICHMENT

As an alternative to the breach of contract claim, Coulter-Owens alleges unjust enrichment. She says Rodale was unjustly enriched when it sold confidential information in violation of VRPA to third parties. Coulter-Owens says she and members of the class would not have purchased the magazine subscription if it was known Rodale would violate VRPA. In the alternative, Coulter-Owens contends subscribers would demand a discount on the magazine subscription. Rodale says Coulter-Owens cannot prove that she, or any members of the potential class, suffered a loss because personal reading information does not equate to money or property. Moreover, Rodale says subscribers received the benefit of their bargain because they received a magazine in exchange for the magazine subscription.

Under Michigan law, a claim for unjust enrichment requires "the plaintiff to establish (1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit

8

by the other party." *Kinder*, 2014 WL 4209575 at *7. Taking the allegations as true,
Coulter-Owens properly alleges a claim for unjust enrichment; she says Rodale
received a monetary benefit from illegally disclosing its subscribers' confidential
information. This allegation meets the requirements for an unjust enrichment claim.

## V.     CONCLUSION

The Court: (1) **GRANTS** Defendant's Motion to Dismiss  Coulter-Owen's breach
of contract claim; it is **DISMISSED WITH PREJUDICE**, but (2) **DENIES** Defendant's
Motion to Dismiss based on lack of standing and unjust enrichment.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 11, 2015

> The undersigned certifies that a copy of this
> document was served on the attorneys of
> record by electronic means or U.S. Mail on
> February 11, 2015.
>
> s/Linda Vertriest
> Deputy Clerk

9