# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ROSE COULTER-OWENS,
individually and on behalf of all others similarly situated,

    Plaintiff,

 v.

RODALE INC.,

    Defendant.

Case No.  2:14-cv-12688

Honorable Robert H. Cleland

# JOINT RULE 26(f) REPORT

Plaintiff Rose Coulter-Owens ("Plaintiff") and Defendant Rodale Inc. ("Rodale"), by and through their respective undersigned counsel, hereby jointly submit this Rule 26(f) Report.  Counsel for the Parties engaged in two telephonic conferences to discuss the issues contained in this report.  Those conferences occurred on February 24, 2015 and February 27, 2015.

1. **Jurisdiction.**

**Plaintiff's Position:**  This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA").

**Rodale's Position:**  Rodale agrees that this Court has statutory jurisdiction under CAFA.  Rodale, however, asserts that there is no subject matter jurisdiction because Plaintiff lacks Article III standing, which is an issue that was raised in

Rodale's motion to dismiss, ECF No. 14.  That aspect of the motion was denied in the February 11, 2015 Order.  *See* ECF No. 27.

  2.  **Jury Trial.** Plaintiff has demanded a trial by jury.

  3.  **No Consent to Magistrate Judge**.  The Parties do not consent to proceed before the Magistrate Judge under 28 U.S.C. § 636(c).

  4.  **No Supplemental or Pendant State Law Claims.** Plaintiff's claims arise under state law, but there is original jurisdiction over such claims under CAFA.

  5.  **Summary of Plaintiff's Claims**.  Plaintiff asserts claims under the Michigan Video Rental Privacy Act, MCL § 445.1711, *et seq.* ("VRPA") and for common law unjust enrichment against Rodale.  Rodale is a publisher of several magazines, including *Prevention*.  ECF No. 1 at ¶ 1.  Plaintiff is a subscriber to *Prevention*.  *Id.* at ¶ 46.  Plaintiff alleges that Rodale (i) maintains a digital database of its subscribers' "Personal Reading Information," including their full names, titles of magazines subscribed to, and home addresses, (ii) discloses such Personal Reading Information without notice or permission to third party data mining companies (who, in turn, append the database with additional personal information about each subscriber), and (iii) sells such enhanced mailing lists without notice or permission to third parties for money.  *Id.* at ¶ 2; *see also id.* at ¶¶ 39-44, 46-51.  Plaintiff alleges these practices violate the VRPA and unjustly

enriches Rodale. As such, Plaintiff seeks relief on behalf of herself and a similarly situated class of Michigan subscribers.

6. **Summary of Rodale's Defenses**. Rodale denies it engaged in the practices alleged and denies Plaintiff has any claim against it under the VRPA, for unjust enrichment, or under any other legal theory. Rodale has several defenses to Plaintiff's claims. The primary defenses that are likely to be the focus of the litigation include the following. First, Rodale provided written notice to Plaintiff and the putative class in compliance with an express exception to the VRPA, giving customers the ability to remove their names from third-party mailing lists. *See* MCL § 445.1713 (allowing disclosure for "the exclusive purpose of marketing goods and services directly to the customer," if the customer is provided with notice of the ability to "remove his or her name at any time by written notice"). Second, the VRPA only applies to sellers "at retail," which does not include subscription sales and many of the other sales channels through which customers subscribe to *Prevention*, through third-parties. Third, Plaintiff's allegations regarding Rodale's practices, use of third-parties, and alleged sales of customer information are factually in error. The VRPA's express text does not apply to disclosures to employees or agents, such as any entities Rodale uses in its business operations.

7. **No Withdrawal of Claims or Defenses.** Plaintiff does not consent to withdraw any claims without prejudice, and Rodale does not consent to withdraw any defenses without prejudice.

8. **Answer.** Rodale filed its Answer on February 25, 2015. ECF No. 29.

9. **Discovery Plan.** The Parties agree this is a "complex case" as designated in this Court's practice guidelines, but that discovery can occur on a relativity accelerated pace for a complex matter. The Parties have agreed on the schedule below. The Parties propose specific dates through the date of Plaintiff's Motion for Class Certification.

| Event | Proposed Deadline |
|---|---|
| **Deadline for Parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).** | March 23, 2015 |
| **Deadline for joinder of additional parties.** | June 29, 2015 |
| **Deadline for amendment of pleadings.** | June 29, 2015 |
| **Deadline for Plaintiffs' expert disclosures relating to class certification.[1]** | September 25, 2015 |
| **Deadline for Defendants' expert disclosures relating to class certification.** | October 30, 2015 |

---

[1] Rodale additionally states that it anticipates it may have certain merits-based experts in the event a class is ultimately certified on a litigation basis. Rodale therefore proposes deferring the disclosure of those experts until after any certification decision to avoid incurring expenses on experts that may ultimately prove unnecessary.

| Event | Proposed Deadline |
|---|---|
| **Deadline for all fact discovery and class certification expert discovery.** [2] | November 20, 2015 |
| **Deadline for Motion for Class Certification.** | December 18, 2015 |
| **Deadline for Dispositive Motions.** | To Bet Set At Future Conference (or April 1, 2016) |
| **Rule 26(a)(3)(A) witness and exhibit disclosures due.** | To Bet Set At Future Conference (or June 3, 2016) |
| **Final Pretrial Order.** | To Bet Set At Future Conference (or July 8, 2016) |
| **Final Pretrial Conference.** | To Bet Set At Future Conference (or July 15, 2016) |
| **Trial.** | To Bet Set At Future Conference (or July 29, 2016) |

10.  **Settlement Conference.**  The parties have not yet engaged in any settlement discussions.  Rodale believes a mediation or settlement conference with the Magistrate Judge would be beneficial at the appropriate time.

11.  **Estimated Length of Trial**.  Rodale believes it is premature to estimate the length of any trial in this matter, given that the nature of the issues that would be subject to a trial are uncertain.  Rodale, however, believes if this matter

---

[2] Rodale additionally states that although its investigation is ongoing, it anticipates that it may have an early dispositive motion with regard to the Named Plaintiff's claims prior to any class certification motion.  At this time, Plaintiff takes no position on the propriety of such a motion.

were to actually proceed to trial, the trial would likely require 10 full court days or more. Plaintiff, on the other hand, estimates the trial of this matter will take 5 full court days.

Dated: March 11, 2015

Respectfully submitted by,

| *Plaintiff Rose Coulter-Owens* | *Defendant Rodale Inc.* |
|---|---|
| <u>/s/ Ari J. Scharg</u> | <u>/s/ Natalie J. Spears</u> |
| Ari J. Scharg | Natalie J. Spears |
| ascharg@edelson.com | Anthony T. Eliseuson |
| Benjamin S. Thomassen | Kristen C. Rodriguez |
| bthomassen@edelson.com | DENTONS US LLP |
| James D. Larry | 233 South Wacker Drive |
| nlarry@edelson.com | Suite 7800 |
| EDELSON PC | Chicago, IL 60606 |
| 350 North LaSalle Street, Suite 1300 | (312) 876-8000 |
| Chicago, Illinois 60654 | (312) 876-7934 (fax) |
| Tel: 312.589.6370 | natalie.spears@dentons.com |
| Fax: 312.589.6378 | anthony.eliseuson@dentons.com |
| | kristen.rodriguez@dentons.com |
| Henry M. Scharg – P28804 | |
| LAW OFFICE OF | Peter B. Kupelian (P31812) |
| HENRY M. SCHARG | Carol G. Schley (P51301) |
| 718 Ford Building | CLARK HILL PLC |
| Detroit, Michigan 48226 | 151 South Old Woodward Ave. |
| Tel: 248.596.1111 | Suite 200 |
| Fax: 248.671.0335 | Birmingham, MI 48009 |
| hmsattyatlaw@aol.com | pkupelian@clarkhill.com |
| | cschley@clarkhill.com |
| *Attorneys for Plaintiff* | |
| *Rose Coulter-Owens* | *Attorneys for Defendant* |
| | *Rodale Inc.* |