IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROSE COULTER-OWENS,
individually and on behalf of all others
similarly situated,

        Plaintiff,

  v.

RODALE INC.,

        Defendant.

Case No. 2:14-cv-12688

Honorable Robert H. Cleland

# UPDATED JOINT RULE 26(f) REPORT

Plaintiff Rose Coulter-Owens ("Plaintiff") and Defendant Rodale Inc. ("Rodale"), by and through their respective undersigned counsel, hereby jointly submit this supplemental Rule 26(f) Report, which has been updated at the Court's request from the Rule 26(f) Report the parties previously submitted on March 11, 2015 (Doc. 31). Counsel for the Parties engaged in two telephonic conferences to discuss the issues contained in this report. Those conferences occurred on September 2, 2015 and September 11, 2015.

    1.    **Jurisdiction.**

**Plaintiff's Position:** This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA").

**Rodale's Position:** Rodale agrees that this Court has statutory jurisdiction

under CAFA.  Rodale, however, asserts that there is no subject matter jurisdiction because Plaintiff lacks Article III standing, which is an issue that was raised in Rodale's motion to dismiss, ECF No. 14.  That aspect of the motion was denied in the February 11, 2015 Order.  *See* ECF No. 27.

2. **Jury Trial.**  Plaintiff has demanded a trial by jury.

3. **No Consent to Magistrate Judge**.  The Parties do not consent to proceed before the Magistrate Judge under 28 U.S.C. § 636(c).

4. **No Supplemental or Pendant State Law Claims.**  Plaintiff's claims arise under state law, but there is original jurisdiction over such claims under CAFA.

5. **Summary of Plaintiff's Claims**.  Plaintiff asserts claims under the Michigan Video Rental Privacy Act, MCL § 445.1711, *et seq.* ("VRPA") and for common law unjust enrichment against Rodale.  Rodale is a publisher of several magazines, including *Prevention*.  ECF No. 1 at ¶ 1.  Plaintiff is a subscriber to *Prevention*.  *Id.* at ¶ 46.  Plaintiff alleges that Rodale (i) maintains a digital database of its subscribers' "Personal Reading Information," including their full names, titles of magazines subscribed to, and home addresses, (ii) discloses such Personal Reading Information without notice or permission to third party data mining companies (who, in turn, append the database with additional personal information about each subscriber), and (iii) sells such enhanced mailing lists

without notice or permission to third parties for money. *Id.* at ¶ 2; *see also id.* at ¶¶ 39-44, 46-51. Plaintiff alleges these practices violate the VRPA and unjustly enriches Rodale. As such, Plaintiff seeks relief on behalf of herself and a similarly situated class of Michigan subscribers.

6. **Summary of Rodale's Defenses**. Rodale denies it engaged in the practices alleged and denies Plaintiff has any claim against it under the VRPA, for unjust enrichment, or under any other legal theory. Rodale has several defenses to Plaintiff's claims. The primary defenses that are likely to be the focus of the litigation include the following. First, Rodale provided written notice to Plaintiff and the putative class in compliance with an express exception to the VRPA, giving customers the ability to remove their names from third-party mailing lists. *See* MCL § 445.1713 (allowing disclosure for "the exclusive purpose of marketing goods and services directly to the customer," if the customer is provided with notice of the ability to "remove his or her name at any time by written notice"). Second, the VRPA only applies to sellers "at retail," which does not include subscription sales and many of the other sales channels through which customers subscribe to *Prevention*, through third-parties. Third, Plaintiff's allegations regarding Rodale's practices, use of third-parties, and alleged sales of customer information are factually in error. The VRPA's express text does not apply to disclosures to employees or agents, such as any entities Rodale uses in its business

operations.

7.  **No Withdrawal of Claims or Defenses.**  Plaintiff does not consent to withdraw any claims without prejudice, and Rodale does not consent to withdraw any defenses without prejudice.

8.  **Answer.**  Rodale filed its Answer on February 25, 2015.  ECF No. 29.

9.  **Discovery Plan.**  The Parties agree this is a "complex case" as designated in this Court's practice guidelines, but that discovery can occur on a relativity accelerated pace for a complex matter.  The Parties have agreed on the schedule below.  The Parties propose specific dates through the date of Plaintiff's Motion for Class Certification:

| Event | Proposed Deadline |
|---|---|
| **Deadline for Parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).** | March 23, 2015-COMPLETED |
| **Deadline for joinder of additional parties.** | June 29, 2015-COMPLETED |
| **Deadline for amendment of pleadings.** | June 29, 2015-COMPLETED |
| **Deadline for All Fact Discovery** | November 13, 2015 |
| **Deadline for Plaintiffs' expert disclosures relating to class certification.[1]** | November 30, 2015 |

---

[1] Rodale additionally states that it anticipates it may have certain merits-based experts in the event a class is ultimately certified on a litigation basis.  Rodale therefore proposes deferring the disclosure of those experts until after any certification decision to avoid incurring expenses on experts that may ultimately prove unnecessary.

| Event | Proposed Deadline |
|---|---|
| **Deadline for Defendants' expert disclosures relating to class certification.** | January 11, 2016 |
| **Deadline for all class certification expert discovery.[2]** | February 1, 2016 |
| **Deadline for Motion for Class Certification.[3]** | February 29, 2016 |
| **Deadline for Dispositive Motions.** | To Bet Set At Future Conference (Or June 13, 2016) |
| **Rule 26(a)(3)(A) witness and exhibit disclosures due.** | To Bet Set At Future Conference (Or August 15, 2016) |
| **Final Pretrial Order.** | To Bet Set At Future Conference (Or September 19, 2016) |
| **Final Pretrial Conference.** | To Bet Set At Future Conference (Or September 26, 2016) |

---

[2] Rodale additionally states that although its investigation is ongoing, it anticipates that it may have an early dispositive motion with regard to the Named Plaintiff's claims prior to any class certification. At this time, Plaintiff takes no position on the propriety of such a motion.

[3] Plaintiff previously filed a Motion for Class Certification with her Complaint (Doc. 2). Per the Court's instruction during the telephonic status hearing held on March 2, 2015 (*see* Doc. 30), the parties submitted a joint stipulation to dismiss the Motion for Class Certification without prejudice to Plaintiff filing a new Motion for Class Certification at the conclusion of fact and class expert discovery, which was entered by the Court on March 25, 2015 (Doc. 33).

| Event | Proposed Deadline |
|---|---|
| **Trial.** | To Bet Set At Future Conference (Or October 10, 2016) |

10. **Settlement Conference.**  On August 18, 2015, Plaintiff sent a settlement demand letter to one of Rodale's insurers for policy limits; that demand was denied on September 8, 2015.  Rodale intends to provide a separate settlement offer letter to Plaintiff.  Rodale believes a mediation or settlement conference with the Magistrate Judge would be beneficial at this time and would be amenable to a referral by the Court.  Plaintiff is unable to take a position on this issue until such time that she receives and reviews Rodale's forthcoming settlement offer letter.

11. **Estimated Length of Trial**.  Rodale believes it is premature to estimate the length of any trial in this matter, given that the nature of the issues that would be subject to a trial are uncertain.  Rodale, however, believes if this matter were to actually proceed to trial, the trial would likely require 10 full court days or more.  Plaintiff, on the other hand, estimates the trial of this matter will take 5 full court days.

Dated:  September 16, 2015

Respectfully submitted by,

*Plaintiff Rose Coulter-Owens*           *Defendant Rodale Inc.*

*/s/ Ari J. Scharg*                              */s/ Natalie J. Spears*

- 6 -

Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
James D. Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Henry M. Scharg – P28804
LAW OFFICE OF
HENRY M. SCHARG
718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111
Fax: 248.671.0335
hmsattyatlaw@aol.com

*Attorneys for Plaintiff*
*Rose Coulter-Owens*

Natalie J. Spears
Anthony T. Eliseuson
Kristen C. Rodriguez
DENTONS US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
(312) 876-8000
(312) 876-7934 (fax)
natalie.spears@dentons.com
anthony.eliseuson@dentons.com
kristen.rodriguez@dentons.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
151 South Old Woodward Ave.
Suite 200
Birmingham, MI 48009
pkupelian@clarkhill.com
cschley@clarkhill.com

*Attorneys for Defendant*
*Rodale Inc.*

## **CERTIFICATE OF SERVICE**

Kristen C. Rodriguez, an attorney, hereby certify that on September 16, 2015, a copy of the foregoing was served via the CM/ECF filing system, which will send notification to the attorneys of record.

/s/ Kristen C. Rodriguez

85016289\V-7