# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| ROSE COULTER-OWENS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>RODALE INC.,<br><br>                    Defendant. | Case No. 2:14-cv-12688<br><br>[Hon. Robert H. Cleland] |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Rose Coulter-Owens ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant Rodale Inc. ("Rodale" or "Defendant"). The Settlement Class and Plaintiff Coulter-Owens are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.    This putative class action was filed on July 9, 2014, in the United States District Court for the Eastern District of Michigan. Plaintiff alleges Defendant disclosed its customers' personal information to third parties without permission in violation of the Michigan Video Rental Privacy Act, M.C.L. §§ 445.1711-15 ("VRPA") and in breach of its contracts with the putative class members. (Dkt. 1.)

B.    Thereafter, on September 18, 2014, Defendant filed a motion to dismiss under

1

Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff Coulter-Owens lacked Article III standing and failed to state a claim upon which relief could be granted. (Dkt. 14.) Plaintiff filed her opposition brief on October 16, 2014 (Dkt. 21), and Defendant filed its reply brief on October 30, 2014. (Dkt. 23.)

     **C.**     On February 11, 2015, after full briefing, the Court entered an Order denying in part and granting in part Defendant's motion to dismiss. (Dkt. 27.)

     **D.**     Defendant thereafter answered Plaintiff's Complaint on February 25, 2015 by denying the allegations and raising sixteen (16) affirmative defenses. (Dkt. 29.)

     **E.**     Soon thereafter, the parties submitted a proposed discovery plan to the Court, (Dkt. 31), exchanged initial disclosures and served written discovery on each other.

     **F.**     Over the next eight months, the Parties engaged in substantial class- and merits-related discovery, which included the production and review of thousands of documents, numerous meet-and-confer conferences, and the depositions of both Plaintiff Coulter-Owens and a corporate representative from Rodale. Plaintiff also served discovery on third parties resulting in the production of additional documents and the scheduling of additional depositions.

     **G.**     On November 4, 2015, the Parties participated in a formal mediation with Hon. James F. Holderman (Ret.) at JAMS in Chicago, Illinois. Although the Parties did not reach a settlement, they did find common ground on certain key terms and ultimately decided that a second mediation was warranted.

     **H.**     On December 2, 2015, the Parties participated in a second in-person mediation with Judge Holderman at JAMS. After a day of mediation with Judge Holderman, and numerous additional rounds of arm's-length discussions, the Parties reached an agreement on the principal terms of this Settlement.

     **I.**     At all times, Defendant has denied and continues to deny any wrongdoing

whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

J.       Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned

counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.     **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Action"** means the case captioned *Coulter-Owens v. Rodale, Inc.*, No. 2:14-cv-12688, pending in the United States District Court for the Eastern District of Michigan.

1.2     **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

1.3     **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

1.4     **"Claims Deadline"** means the date by which all Claims Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Judgment. The Claims Deadline shall be clearly set forth in the

Order for Notice and Hearing as well as in the Notice and the Claim Form.

     **1.5**     **"Class Counsel"** means Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC.

     **1.6**     **"Class Representative"** means the named Plaintiff in this Action, Rose Coulter-Owens.

     **1.7**     **"Court"** means the United States District Court for the Eastern District of Michigan, Southern Division, the Honorable Robert H. Cleland presiding, or any judge who shall succeed him as the Judge in this Action.

     **1.8**     **"Defendant"** means Rodale Inc., the defendant in the Action.

     **1.9**     **"Defendant's Counsel"** means Natalie J. Spears, Anthony T. Eliseuson and Kristen C. Rodriguez of Dentons US LLP.

     **1.10**     **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

     **1.11**     **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

     **1.12**     "**Fee Award***"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

     **1.13**     **"Final"** means one business day following the latest of the following events: (i)

5

the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

  **1.14** **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

  **1.15** **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

  **1.16** **"Michigan Subscriber Information"** means the combination of a Person's name and the title(s) of the Rodale Publication(s) to which such Person currently subscribes and/or has previously subscribed to, where the Person's street address is in the state of Michigan.

  **1.17** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

  **1.18** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

  **1.19** **"Objection/Exclusion Deadline"** means the date by which a written objection to

this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.20**   **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.21**   **"Plaintiffs"** means Rose Coulter-Owens and the Settlement Class Members.

**1.22**   **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.23**   **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.24**   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or

unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VRPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personal or magazine subscription information, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.25   **"Released Parties"** means Defendant Rodale Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.26   **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.27** **"Rodale Publication"** means a magazine owned or operated by defendant, including any one of the following magazines: *Bicycling, Men's Health*, *Organic Life* (formerly *Organic Gardening*), *Prevention*, *Running Times*, *Runner's World*, and *Women's Health*.

**1.28** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

**1.29** **"Settlement Administrator"** means Epiq Systems, Inc. or such other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.30** **"Settlement Class"** means all Persons with Michigan street addresses who, between July 1, 2009 and the date of Preliminary Approval, purchased a subscription to a Rodale Publication. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**1.31** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32** **"Settlement Fund"** means the non-reversionary cash fund that shall be established by Defendant in the total amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00) to be deposited into the Escrow Account, plus all interest earned thereon. From

the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than Four Million Five Hundred Thousand Dollars ($4,500,000.00), plus the interest earned on such sum.

      **1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2.     SETTLEMENT RELIEF.

### 2.1     Payments to Settlement Class Members.

(a)     Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($4,500,000.00) within twenty-eight (28) business days after Preliminary Approval.

(b)     Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by check after deducting the Settlement Administration Expenses, any Fee Award, and any incentive award.

(c)     Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check.

(d)     All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund.

**2.2    Prospective Relief**.

**(a)**    Written Consent Required for Disclosures.

(i)    For a period of four (4) years following Preliminary Approval, except as provided in paragraphs 2.2(a)(ii)-(iii) below, Rodale agrees not to disclose any Michigan Subscriber Information to any third-party companies without the prior express written consent of the affected subscriber, which may be obtained by acceptance of Rodale's Privacy Policy as part of any subscription, renewal, or other interaction with Rodale.

(ii)    Nothing in this Settlement Agreement shall prevent Rodale from disclosing Michigan Subscriber Information to third parties as may be reasonably required or utilized to produce, deliver, bill, collect payment for, renew, and otherwise manage, market, and fulfill orders for Rodale Publications, including customer service-related functions, data or information technology-related services, and the marketing of Rodale's own and products and services.

(iii)    Nothing in this Settlement Agreement shall prohibit the transfer by Rodale of Michigan Subscriber Information to a third party in connection with a sale, merger, licensing agreement (or termination of a licensing agreement) or other transaction that transfers control over assets of a Rodale Publication or operating division that collects or processes Michigan Subscriber Information in the ordinary course of its business to such third party, or to any third party with which Rodale publishes and/or operates a Rodale Publication, provided that such third party agrees to treat any Michigan Subscriber Information it acquires in accordance with Rodale's obligations under this Section of the Agreement.

**(b)**    Changes to Rodale's Privacy Policy.

(i)    Rodale will also enhance its Privacy Policy as part of this Agreement. The Privacy Policy will add language to clarify that Rodale uses certain

12

companies to perform internal business functions for Rodale including for the functions listed in Section 2.2(a)(ii).

(ii)     Notice of the updated Privacy Policy will be provided to the Settlement Class Members by posting a copy of the updated policy on the Rodale website and through the settlement notices in this case.

(iii)     Nothing contained in this Section 2.2(b) restricts Rodale's right to continue to modify and revise its Privacy Policy or other disclosure practices and policies as part of its normal business compliance processes, including based on further legal developments, including the passage or amendment of any laws, ordinances, or statutes that may impact on such policies and practices.

(c)     Nothing contained in this Section 2.2 shall be construed as imposing any greater obligations on Rodale beyond that contained in the Michigan VRPA, including any amendments thereof, nor does anything in Section 2.2 restrict disclosure of information that would otherwise be permitted by the Michigan VRPA.

3.     **RELEASE.**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

4.     **NOTICE TO THE CLASS.**

4.1     The Notice Plan shall consist of the following:

(a)     *Settlement Class List*. No later than twenty-eight (28) business days after the execution of this Agreement, Defendant shall produce an electronic list from its records that

13

includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to persons within the Settlement Class. This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel. Rodale shall have no obligation to provide any additional information to the Settlement Administrator beyond the Class List.

      **(b)**   *Direct Notice via Email.* No later than twenty-eight (28) days from Preliminary Approval, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is identified in Defendant's records. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

      **(c)**   *Direct Notice via U.S. Mail.* No later than the twenty-eight (28) days from Preliminary Approval, the Settlement Administrator shall send notice substantially in the form attached as Exhibit C and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members who did not receive an email pursuant to Paragraph 4.1(b), above.

      **(d)**   *Settlement Website.* Within ten (10) days from Preliminary Approval, Notice shall be provided on a website at www.MichiganMagazineSettlement.net, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

      **(e)**   *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days

14

after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

      **4.2**      The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

      **4.3**      Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the Rodale Publication(s) to which he or she is or was a subscriber; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to

appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

       **4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

       **4.5**     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the name of the Rodale Publication to which he or she is a subscriber, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**4.6** The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(e) is provided.

**4.7** Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.    SETTLEMENT ADMINISTRATION.**

**5.1** The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

**(a)** Forward to Defendant's Counsel, with copies to Class Counsel, all original

17

documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

**(b)**     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

**(c)**     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator;

**(d)**     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice; and

**(e)**     Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or language, or other communications with the Settlement Class, at least seven (7) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on a case by case basis.

**5.2**     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or

fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Settlement Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline. In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3**     Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to Judge James F. Holderman of JAMS for binding determination.

**5.4**     In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.    TERMINATION OF SETTLEMENT.

**6.1**     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing

written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

      **6.2**     If prior to the Final Fairness Hearing, more than two hundred (200) Persons who otherwise would be members of the Settlement Class have timely requested exclusion from the Settlement Class in accordance with the provisions of the Notice Order and the notice given pursuant thereto, Defendant shall have, in its sole and absolute discretion, the option to terminate this settlement in accordance with the procedures set forth in paragraph 6.1.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

      **7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, C, and D hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing

documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the Settlement Class.

**7.2**    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

**(a)**    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**    approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)**    find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the

United States Constitution, and the rules of the Court;

   **(d)**   find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

   **(e)**   dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

   **(f)**   incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

   **(g)**   permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

   **(h)**   without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

   **(i)**   incorporate any other provisions, as the Court deems necessary and just.

**8.   CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

   **8.1**   Defendant agrees Class Counsel shall be entitled to an amount not to exceed 40% of the Settlement Fund, subject to Court approval, which shall include all attorneys' fees and reimbursement of expenses associated with the Action. Defendant agrees not to object to or otherwise challenge, directly or indirectly, Class Counsel's application for reasonable attorneys' fees and for reimbursement of expenses if limited to this amount. Class Counsel, in turn, agrees

to seek no more than this amount from the Court in attorneys' fees and for reimbursement of expenses. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

**8.2**    Class Counsel shall be paid the Fee Award, in an amount determined by the Court, from the Settlement Fund within five (5) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel.

**8.3**    Defendant agrees the Class Representative shall be entitled, subject to Court approval, to an incentive award in the amount of Five Thousand Dollars ($5,000.00) from the Settlement Fund, in addition to any Settlement Payment pursuant to this Agreement and in recognition of her efforts on behalf of the Settlement Class. Defendant shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the incentive award to the Class Representative if limited to this amount. Class Counsel and the Class Representative, in turn, agree to seek no more than this amount from the Court as the incentive award for the Class Representative. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after the date the Court enters the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)    The Parties and their counsel have executed this Agreement;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the

24

incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**     Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval of this Agreement or the settlement is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding, or other tribunal:

     **(a)**     against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, any point of law, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

     **(b)**     against the Released Parties, or each or any of them, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

     **(c)**     against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial;

26

(d)      against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount; and

(e)      However, notwithstanding the foregoing, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.5    The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, nor would Rodale be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Rodale in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, or any other person to

establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.7**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.8**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.9**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.10**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.11**    Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that she is fully entitled to release the same.

**10.12**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its

terms.

**10.13**   This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.14**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.15**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.16**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

**10.17**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.18**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Ari J. Scharg, Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; Natalie J. Spears, Dentons US LLP, 233 South Wacker Drive, Suite 5900, Chicago, Illinois 60606.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.
SIGNATURE PAGE FOLLOWS]**

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: December 21, 2015

**ROSE COULTER-OWENS**

By: _____
Rose Coulter-Owens, individually and as
representative of the Class

Dated: December ___, 2015

**RODALE INC.**

By: _____

Its: _____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: December 22, 2015

**EDELSON PC**

By: _____
Jay Edelson
Ari J. Scharg
Benjamin S. Thomassen

*Attorney for Plaintiff and the Settlement Class*

Dated: December ___, 2015

**DENTONS US LLP**

By: _____
Natalie J. Spears
Anthony T. Eliseuson
Kristen C. Rodriguez

*Attorneys for Defendant*

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: December ___, 2015

**ROSE COULTER-OWENS**

By:_____
Rose Coulter-Owens, individually and as
representative of the Class

Dated: December 23 2015

**RODALE INC.**

By:_____
Paul A. McGinley, Executive Vice-President,
General Counsel and Chief Administrative Officer
of Rodale Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated: December ___, 2015

**EDELSON PC**

By:_____
Jay Edelson
Ari J. Scharg
Benjamin S. Thomassen

*Attorney for Plaintiff and the Settlement Class*

Dated: December 23 2015

**DENTONS US LLP**

By:_____
Natalie J. Spears
Anthony T. Eliseuson
Kristen C. Rodriguez

*Attorneys for Defendant*

# Exhibit A

### MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___ (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I have a Michigan street address and purchased a subscription to a Rodale Publication between July 1, 2009 and [Preliminary Approval]. Rodale Publications include: *Bicycling, Men's Health, Organic Life* (formerly *Organic Gardening*), *Prevention, Running Times, Runner's World,* and *Women's Health.*

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form; if accepted you will be mailed a check for a *pro rata* share of the Settlement Fund depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.MichiganMagazineSettlement.net or call [toll free number]**

# Exhibit B

From:   MagazineSettlement@MichiganMagazineSettlement.net
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Coulter-Owens v. Rodale, Inc.*, Case No. 2:14-cv-12688
**(United States District Court for the Eastern District of Michigan)**

This notice is to inform you of the settlement of a class action lawsuit with magazine publisher Rodale Inc., the Defendant in this case. Plaintiff Rose Coulter-Owens alleges that Defendant disclosed its customers' subscription information to third parties for marketing purposes without permission, in violation of Michigan privacy law. Defendant denies any wrongdoing, but has agreed to settle the claims against it.

**Am I included?** You are included if you have a Michigan street address and purchased a subscription to a Rodale Publication between July 1, 2009 through [Preliminary Approval]. Rodale Publications include: *Bicycling, Men's Health, Organic Life* (formerly *Organic Gardening*), *Prevention, Running Times, Runner's World*, and *Women's Health.*

More information is available at: www.MichiganMagazineSettlement.net.

**What do I get?** Defendant will establish a Settlement Fund of $4,500,000 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates to be about $100 per class member, although the final amount will depend on the number of valid claims submitted. In addition to this monetary relief, for a period of four (4) years following Preliminary Approval, the Defendant has agreed not to disclose any Michigan Subscriber Information to third-party marketing companies without the prior express written consent of the affected subscribers. Defendant has also updated its Privacy Policy to further explain its disclosure practices. A copy of the updated Privacy Policy is available for your review at www.rodaleinc.com/your-privacy-rights and at www.MichiganMagazineSettlement.net.

**How do I receive a payment?** To receive a payment, you must submit a claim form by mail or online. You may submit the claim form online at www.MichiganMagazineSettlement.net or download a claim form from the website and submit it to the Claims Administrator by mail. You may also request a paper copy of the claim form by writing to the Claims Administrator at the address below, or by calling toll-free [phone number]. Your claim form must be submitted online, or postmarked by, [date] or 45 days after the Court issues an order granting final approval, whichever comes later.

**Additional rights.** To get out of the Settlement, you must exclude yourself by [DATE]. If you stay in the Settlement, you will not be able to sue Defendant for any claims released as part of the Settlement. If you disagree with any part of the Settlement and do not exclude yourself, you may object to the Settlement by [DATE]. The Court will hold a Final Approval Hearing at [time] on Month 00, 2016 in Room 707 of the Theodore Levin United States Courthouse, 231 West

Lafayette Boulevard, Detroit, Michigan 48226 to consider whether to approve the Settlement, request for attorneys' fees (up to 40% of the Settlement Fund) and class representative award of $5,000. The Court has appointed lawyers Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC to represent the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**For more information**, including obtaining a more detailed notice, claim forms, a copy of the Settlement Agreement and other court documents, please visit www.MichiganMagazineSettlement.net or call the Settlement Administrator at [phone number], or write to the Settlement Administrator at [address].  You may also call Class Counsel directly at  1-866-354-3015.

# Exhibit C

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Magazine Subscriber Privacy Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

# OUR RECORDS INDICATE YOU HAVE SUBSCRIBED TO A RODALE INC. MAGAZINE AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

---

## MAGAZINE SUBSCRIBER PRIVACY SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST
BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.
Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____  _____  _____

Street Address: _____

City: _____  State: ____ ____  Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___  (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a
member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):
☐ I have a Michigan street address and purchased a subscription to a Rodale Publication between July 1, 2009 and
[Preliminary Approval]. Rodale Publications include: *Bicycling, Men's Health, Organic Life* (formerly *Organic
Gardening*)*, Prevention, Running Times, Runner's World,* and *Women's Health.*
☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge
and belief.

Signature: _____  Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form, if accepted you will be mailed a check for a *pro rata* share
depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.MichiganMagazineSettlement.net or call [toll free number]**

A settlement has been reached in a class action lawsuit claiming that Defendant magazine publisher Rodale Inc. disclosed its customers' subscription information without permission to third parties for marketing purposes. The Plaintiff claims that the disclosure of this information violated Michigan privacy law and Defendant's contracts with its customers. The Defendant denies it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are persons with Michigan street addresses who purchased a subscription to one or more of the Rodale magazines listed on the reverse side of this postcard.

**What Can I Get?** If approved by the Court, Defendant will establish a Settlement Fund of $4,500,000 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, estimated at $100 per class member. In addition to this monetary relief, for a period of four (4) years following Preliminary Approval, the Defendant has agreed not to disclose any Michigan Subscriber Information to third-party marketing companies without the prior express written consent of the affected subscribers. Defendant has also updated its Privacy Policy to further explain its disclosure practices. A copy of the updated Privacy Policy is available for your review at www.rodaleinc.com/your-privacy-rights and at www.MichiganMagazineSettlement.net.

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form **no later than [claims deadline]**. You may use the Claim Form attached to this Notice or submit one online at www.MichiganMagazineSettlement.net.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **[objection/exclusion deadline]**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.MichiganMagazineSettlement.net. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed lawyers Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen from Edelson PC to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on **Month 00, 2016** in Room 707 of the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan 48226. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel in an amount to be determined by the Court. Class Counsel will seek no more than 40% of the Settlement Fund; the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.MichiganMagazineSettlement.net, contact the settlement administrator at 1-___-___-____ or Magazine Subscriber Privacy Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

—————————————————————

—————————————————————

—————————————————————

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Magazine Subscriber Privacy Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

# Exhibit D

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**
*Coulter-Owens v. Rodale, Inc.*, Case No. 2:14-cv-12688

**IF YOU PURCHASED A SUBSCRIPTION TO A RODALE PUBLICATION BETWEEN JULY 1, 2009 AND [PRELIMINARY APPROVAL], YOU MAY BE PART OF A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against magazine publisher Rodale Inc., who is the Defendant. The class action lawsuit involves whether Rodale disclosed without permission information about its subscribers and their subscriptions to third parties for marketing purposes in violation Michigan privacy law.

- You are included if you have a Michigan street address and purchased a subscription to a Rodale Publication between July 1, 2009 through [Preliminary Approval]. Rodale Publications include: *Bicycling, Men's Health, Organic Life* (formerly *Organic Gardening*), *Prevention, Running Times, Runner's World*, and *Women's Health*.

- Those included in the Settlement will be eligible to receive a pro-rata portion of the Settlement Fund, which Class Counsel anticipates to be approximately $100. Defendant has also agreed that, for a period of four (4) years following Preliminary Approval, it will not disclose any of its Michigan customers' Subscriber Information to third-party marketing companies without the prior express written consent of the affected subscriber. Defendant has also updated its Privacy Policy.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

| 1.  Why was this Notice issued? |
| --- |

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Robert H. Cleland of the U.S. District Court for the Eastern District of Michigan is overseeing this case. The case is known as *Coulter-Owens v. Rodale, Inc.*, Case No. 2:14-cv-12688. The person who sued is called the Plaintiff. The Defendant is Rodale Inc.

| 2. What is a class action? |
| --- |

In a class action, one or more people called class representatives (in this case, Rose Coulter-Owens) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

| 3. What is this lawsuit about? |
| --- |

This lawsuit claims that Defendant violated Michigan's Video Rental Privacy Act, M.C.L. § 445.1712 ("VRPA") by disclosing information related to its customers' magazine subscription histories to third parties without consent. The Defendant denies it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

| 4. Why is there a Settlement? |
| --- |

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am in the Settlement Class? |
| --- |

The Court decided that everyone who fits this description is a member of the **Settlement Class**:

All Persons with Michigan street addresses who purchased a subscription to a Rodale Publication between July 1, 2009 and [Preliminary Approval].

Rodale Publications include: *Bicycling, Men's Health, Organic Life* (formerly *Organic Gardening*), *Prevention, Running Times, Runner's World*, and *Women's Health*.

Based on Defendant's records, there are approximately 570,000 potential Class Members.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

***Monetary Relief***: Defendant has created a Settlement Fund totaling $4,500,000.00. Class Member payments, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees and an award to the Class Representative will also come out of this fund (*see* Question 13).

***Privacy Protections***:  In addition to this monetary relief, for a period of four (4) years following Preliminary Approval, the Defendant has agreed not to disclose any Michigan Subscriber Information to third-party marketing companies without the prior express written consent of the affected subscribers.  Defendant has also updated its Privacy Policy to further explain its disclosure practices.  A copy of the updated Privacy Policy is available for your review at www.rodaleinc.com/your-privacy-rights and at www.MichiganMagazineSettlement.net.

A detailed description of the settlement benefits can be found in the <u>Settlement Agreement</u>. [insert hyperlink]

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $100. You can contact Class Counsel at 1-866-354-3015 to inquire as to the number of claims filed.

### 8. When will I get my payment?

You should receive a check from the settlement administrator within 60 days after the Settlement has been finally approved and/or after any appeals process is complete.  The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by [**Claims Deadline**]. Claim Forms can be found and submitted on-line or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form on-line or to request a paper copy, go to www.MichiganMagazineSettlement.net or call toll free, 1-800-000-0000.

We also encourage you to submit your claim electronically. Not only is it easier and more secure,

but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue the Defendant for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.25 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Questions 12 & 18 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

The Defendant has agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than 40% of the Settlement Fund; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed to pay $5,000 to the Class Representative from the Settlement Fund for her services in helping to bring and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **14. How do I get out of the Settlement?** |
|---|

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Coulter-Owens v. Rodale, Inc.*, Case No. 2:14-cv-12688 settlement. Your letter or request for exclusion must also include your name, your address, the name of the Rodale publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

==Magazine Subscriber Privacy Settlement==
==0000 Street==
==City, ST 00000==

| **15. If I don't exclude myself, can I sue the Defendant for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

| **16. If I exclude myself, can I get anything from this Settlement?** |
|---|

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

### OBJECTING TO THE SETTLEMENT

| **17. How do I object to the Settlement?** |
|---|

If you're a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Coulter-Owens v. Rodale, Inc.*, Case No. 2:14-cv-12688 and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (including the name of the Rodale publication to which you are or were a subscriber), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you or an attorney assisting you with your objection have ever objected to any class action settlement where the you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [==two weeks prior to objection deadline==].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter

QUESTIONS? 1-800-000-0000 TOLL FREE, OR WWW.MICHIGANMAGAZINESETTLEMENT.NET

or brief.  File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline]**.

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon. Robert H. Cleland c/o Clerk's Office Theodore Levin United States Courthouse 231 West Lafayette Boulevard Room 564 Detroit, Michigan 48226 | Ari J. Scharg Edelson PC 350 North LaSalle St. Suite 1300 Chicago, Illinois 60654 | Natalie J. Spears Dentons US LLP Willis Tower 233 S Wacker Dr., Suite 5900 Chicago, Illinois 60606 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on **Month 00, 2016** in Room 707 of the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan 48226. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.MichiganMagazineSettlement.net or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Coulter-Owens v. Rodale, Inc.*, Case No. 2:14-cv-12688." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

| 22. Where do I get more information? |
| --- |

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.MichiganMagazineSettlement.net. You may also write with questions to Magazine Subscriber Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.