**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROSE COULTER-OWENS, individually, and on behalf of all others similarly situated,

   Plaintiff,

v.

RODALE INC.,

   Defendant.

Case No. 2:14-cv-12688

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY
CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS
REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND
APPROVING NOTICE PLAN**

  Pending before the court is a proposed class action settlement. (Dkt. # 42.) The attached Class Action Settlement Agreement, together with the related exhibits, sets forth the terms and conditions for the proposed settlement and dismissal of the action with prejudice as to Defendant. The court has considered the proposed settlement, preliminarily approves of it, and conditionally certifies the settlement class, appoints a class representative and class counsel, and approves the notice plan with some modifications,

  Accordingly, IT IS ORDERED:

  1. Terms and phrases in this Order shall have the same meaning

as ascribed to them in the Settlement Agreement.

2. The Parties have moved the court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the court having read and considered the Settlement Agreement, hereby preliminarily approves the Settlement Agreement subject to the various modifications explained in this Order and subject to the Final Approval and Fairness Hearing.

3. This court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The court finds that, notwithstanding the concerns highlighted below, and subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to

warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Certification of the Settlement Class**

5.  For purposes of settlement only: (a) Jay Edelson, Ari J. Scharg, and Benjamin S. Thomassen of Edelson PC are appointed Class Counsel for the Settlement Class; and (b) Rose Coulter-Owens is named Class Representative. The court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Coulter-Owens will adequately protect the interests of the Settlement Class defined below.

6.  For purposes of settlement only, the court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons with Michigan street addresses who, between July 1, 2009 and the date of Preliminary Approval, purchased a subscription to a Rodale Publication.

Final certification of the class will occur after the Final Approval Hearing, when the court enters a final judgment in this case.

7.  The court finds, notwithstanding the concerns highlighted below, and subject to the Final Approval Hearing, that the Settlement

3

Agreement is fundamentally fair, adequate, and reasonable, and that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e.g., whether Defendant obtained consent before disclosing to third parties Plaintiff's and the Settlement Class's Subscriber Information, whether Defendant's disclosure of Plaintiff's and the Settlement Class Members' Magazine Subscriber Information violated the Michigan Video Rental Privacy Act, M.C.L. §§ 445.1712, et al. ("VRPA"), and whether Plaintiff and the Settlement Class members are entitled to uniform statutory damages under the VRPA); the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

    8.    The court takes this opportunity to raise, for proponents of settlement and certification, certain concerns with the proposed class and settlement, which the court expects to address at the Final Approval Hearing.

a. The proposed settlement contemplates a $5,000 incentive award for the named plaintiff in this action; this payment raises serious concerns about the adequacy of the named plaintiff as a representative of the class. The Sixth Circuit has held that adequacy of a class member's representation is based on two factors: "1) the representatives must have common interests with the unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Dry Max Pampers Litigation*, 724 F.3d 713, 721 (6th Cir. 2013) (quoting *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 755 (6th Cir. 2013)). "[T]he linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class." *Id.* (quoting *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012)). The Sixth Circuit has also expressed the "sensibl[e] fear that incentive awards may lead named plaintiffs . . . to compromise the interest of the class for personal gain." *Id.*at 722 (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). This fear is at its height when the incentive award

5

makes the class representative whole or more than whole, as is the case here, because in such cases the class representative has no reason to care whether the award to class members provides adequate relief. *Id.* However, an incentive award may be appropriate where it is tailored to compensate a class representative for her actions, time, and effort in prosecuting the action. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991). Class counsel and proponents of the class should be prepared to justify, with specific facts, the incentive payment proposed here as compensation for work done. Otherwise, such an award risks rendering the proposed class representative inadequate under Rule 23.

b. Plaintiff indicates that the proposed settlement will result in an estimated $100 award to each class member. The Motion in support of preliminary settlement approval, however, provides inadequate evidence that such an estimate has any basis in fact or is a truly considered estimate. Footnote three to the motion states merely, "[t]his estimation is based upon typical participation rates in consumer class action settlements." (Pl.'s Mot. 2 n.3.) The court has a duty to

evaluate the settlement's fairness by weighing the plaintiff's likelihood of success on the merits against the amount and form of relief offered in the settlement." *Int'l Union, United Auto.. Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Without sound justification for the estimated payment to each class member, the court cannot say whether class members are likely to receive a fair deal. The court expects such justification to be offered at the Fairness Hearing.

9.  Should the Settlement Agreement not receive the court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the proposed Class Representative would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

10.  The court approves, subject to the few notations below, the form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan and all forms of Notice to the

Settlement Class as set forth in the Settlement Agreement and Exhibits B, C, and D thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. However, Class Counsel should be sure to take note of and amend notice as to the following issues:

    a. As proposed, the current notice lists this court's former address and courtroom number. The Final Approval and Fairness Hearing will be held at the United States District Court in the Federal Building, 526 Water Street, Port Huron, MI 48060. Notice should be amended to reflect the proper address.

    b. Notice should make explicit that **class members are not to contact the court** with questions, but should direct all inquiries to class counsel, instead.

11. The court also finds that the Notice, with the above corrections, constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the

8

settlement and to exclude themselves from the Settlement Class. In addition, the court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

     12.    The court approves the request for the appointment of Epiq Systems, Inc. as Settlement Administrator of the Settlement Agreement.

     13.    Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via U.S. Mail and email in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

     14.    Not less than fourteen (14) days prior to the Final Approval Hearing, counsel for Defendants and Class Counsel shall jointly file with the court an affidavit from a representative of the Settlement Administrator confirming that the plan for disseminating Notice has been accomplished in accordance with this Order and the Settlement Agreement. The affidavit should state how many class members were identified on the "Class List,"

how many class members were notified by email, and how many class members were notified by U.S. mail.

**Exclusion**

15.  Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit their Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the date of the entry of the Final Judgment.

16.  Members of the Settlement Class who wish to exclude themselves from the Class may do so if, on or before the Objection/Exclusion Deadline of seventy-seven (77) days after entry of this order they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

17.  Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name

and address, the name of the Rodale publication to which he or she is a subscriber, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. So called "mass" or "class" opt-outs shall not be allowed.

18. Members of the Settlement Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

19. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the

Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

20. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of seventy-seven (77) days after entry of this Order. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or she claims to be a Settlement Class Member, including the Rodale publication to which he or she is or was a subscriber; a signature; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the court in accordance with Eastern District of Michigan Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action

settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

21. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 23, below.

22. To be valid, objections must be filed with the court and sent to Class Counsel: Ari J. Scharg of Edelson PC, 350 North LaSalle, Suite 1300, Chicago, IL 60654, and to Defendant's Counsel: Natalie Spears of Dentons US LLP, 233 South Wacker Drive, Suite 5900, Chicago, IL 60606-631. In addition, any objections made by a Class member represented by counsel must be filed through the court's CM/ECF system.

**<u>Final Approval Hearing</u>**

23. The Final Approval Hearing shall be held before this court on **September 7, 2016 at 10 a.m. at the United States District Courthouse at 526 Water Street, Port Huron, MI 48060** to determine (a) whether the

proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

24.  Class Counsel shall file papers in support of their Fee Award and Class Representative's Incentive Award (collectively, the "Fee Petition") with the court on or before sixty-three (63) days after entry of this Order, (i.e., 14 days before the Objection/Exclusion Deadline).

25.  Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the court on or before 14 days before the Final Approval Hearing.

**Further Matters**

26.  All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

27.  Members of the Settlement Class shall be bound by all

14

determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

28. If the Settlement Agreement is not approved by the court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

29. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual

information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

IT IS SO ORDERED, this 3rd day of May, 2016.

       S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 3, 2016, by electronic and/or ordinary mail.

       S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522