UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE COULTER-OWENS, individually,
and on behalf of all others similarly
situated,

        Plaintiff,

   v.                              Case No. 14-12688

RODALE INC.,

        Defendant.

_____/

## STIPULATED FINAL JUDGMENT

This Stipulation is entered into by and among Plaintiff Rose Coulter-Owens and Defendant Rodale Inc., by and through their respective counsel.

WHEREAS, Plaintiff Rose Coulter-Owens ("Plaintiff"), individually and as Class Representative, and Defendant Rodale Inc. ("Defendant") entered into a Settlement Agreement (Dkt. #51-2), which, together with the exhibits attached thereto, set forth the terms and conditions for the settlement and dismissal of the Action with prejudice, (*See id.* § 7.3); and

WHEREAS, on September 29, 2016, the Court granted Plaintiff's Motion for Final Approval of Class Action Settlement, (Dkt. #54) ("Final Approval Order"); and

WHEREAS, the Parties now respectfully request that the Court enter a Final Judgment in this matter and dismiss the action as set forth in their Class Action Settlement Agreement.

NOW THEREFORE the Parties stipulate as follows:

1. The terms and phrases in this Stipulation shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. Upon execution and filing of this stipulation, the parties request that the Court enter an order:

   a. Finding that the Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

   b. Finding that the notice provided to the Settlement Class fully complied with the requirements of Fed. R. Civ. P. 23 and due process as discussed in the Final Approval Order, and that the Defendants properly and timely notified the appropriate government officials of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and that more than ninety (90) days elapsed between the date of that notice and the Final Approval Order.

   c. Directing the Parties to implement the Settlement Agreement according to its terms and provisions and incorporating the Settlement Agreement into this Final Judgment in full, such that the Settlement Agreement has the full force of an Order of this Court, provided, however, that the terms of the Final Approval Order shall supersede those of the Settlement Agreement wherever the two may conflict.

   d. Dismissing the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

   e. Finding that except as otherwise set forth in the Court's order granting final approval of the Class Action Settlement Agreement, the Parties shall bear their own costs and attorneys' fees.

    f. Finding that Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the

VRPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' magazine subscription information, including all claims that were brought or could have been brought in the Action.

      g.      Finding that the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

      h.      Permanently barring and enjoining all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

      i.      Finding that all payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall revert to the Michigan Bar Foundation's Access to Justice Fund, which the Court approves as an appropriate *cy pres* recipient.

      j.      Finding that the Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment, the Court's order granting final approval to the Class

Action Settlement Agreement, and do not limit the rights of Settlement Class Members.

k. Without affecting the finality of this Final Judgment for purposes of appeal, finding that until the Effective Date, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

l. Directing entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO STIPULATED.**

Date: October 25, 2016                    Respectfully submitted,

/s/ Benjamin S. Thomassen
One of Plaintiff's attorneys

Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Henry M. Scharg – P28804
hmsattyatlaw@aol.com
LAW OFFICE OF HENRY M. SCHARG
718 Ford Building
Detroit, Michigan 48226
Tel: 248.596.1111
Fax: 248.671.0335

*Counsel for Plaintiffs and the putative Class*

Date: October 25, 2016　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Anthony T. Eliseuson
　　　　　　　　　　　　　　　　　　One of Defendant's attorneys

　　　　　　　　　　　　　　　　　　Natalie J. Spears
　　　　　　　　　　　　　　　　　　Anthony T. Eliseuson
　　　　　　　　　　　　　　　　　　Kristen C. Rodriguez
　　　　　　　　　　　　　　　　　　DENTONS US LLP
　　　　　　　　　　　　　　　　　　233 South Wacker Drive
　　　　　　　　　　　　　　　　　　Suite 7800
　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　(312) 876-8000
　　　　　　　　　　　　　　　　　　(312) 876-7934 (fax)
　　　　　　　　　　　　　　　　　　natalie.spears@dentons.com
　　　　　　　　　　　　　　　　　　anthony.eliseuson@dentons.com
　　　　　　　　　　　　　　　　　　kristen.rodriguez@dentons.com

　　　　　　　　　　　　　　　　　　Peter B. Kupelian (P31812)
　　　　　　　　　　　　　　　　　　Carol G. Schley (P51301)
　　　　　　　　　　　　　　　　　　CLARK HILL PLC
　　　　　　　　　　　　　　　　　　500 Woodward Avenue, Suite 3500
　　　　　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　　　　　pkupelian@clarkhill.com
　　　　　　　　　　　　　　　　　　cschley@clarkhill.com



　　　　　　　　　　　　　　　　　　 S/Robert H. Cleland
　　　　　　　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


Dated: October 25, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 25, 2016, by electronic and/or ordinary mail.


　　　　　　　　　　　　　　　　　　 S/Lisa Wagner
　　　　　　　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　　　　　　　(313) 234-5522

6